FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 4 2023

TAMMY H. DOWNS, CLERK
By: DEP CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ANTHONY FELTNER** **PLAINTIFF**

**v.** **CASE NO.** 4:23cv478-LPR

**CITY OF WEST MEMPHIS, and MARCO MCLENDON, AND JIMMY KING, in their Individual and Official Capacities** **DEFENDANTS**

**COMPLAINT**

COMES NOW THE PLAINTIFF, **ANTHONY FELTNER,** by and through counsel, **SUTTER & GILLHAM, P.L.L.C.**; and, who for his Complaint, states:

**PARTIES AND JURISDICTION**

1. Plaintiff is a resident and citizen of Crittenden County, Arkansas, who was employed by Defendant, City of West Memphis.

2. Defendant, City of West Memphis, is a municipality substantially impacting interstate commerce, in Crittenden County, Arkansas. Defendant, Marco McLendon, is an elected official and CEO for the City. Defendant, Jimmy King, is a Building Inspector for the City. Defendants, McClendon and King, are sued in their individual and official capacities.

3. All events complained of took place in Crittenden County, Arkansas. These claims are for violation of Title VII, 42 U.S.C. 1983 Section 107(a)(1) of the ACRA, Section 105 and 108 of the ACRA, and defamation. They are for an amount exceeding that required for diversity jurisdiction. The State law claims arise out the same common nucleus of operative fact as the Federal claims. Accordingly, there is federal question jurisdiction and supplemental jurisdiction over the State law claims, and venue is proper.

This case assigned to District Judge Rudofsky
and to Magistrate Judge Kearney

**FACTS**

4. Plaintiff began working for the City in January of 2022. He is Caucasian.

5. Plaintiff is a licensed electrician with years of experience.

6. He worked in the Code Enforcement Department. He took the job so he would have better quality of life and not have to travel, because he could make more as an electrician.

7. Plaintiff's co-worker, Defendant, Jimmy King, is African-American.

8. Since Plaintiff began there, the co-worker harassed him on a daily basis.

9. Defendant King harassed Plaintiff directly. Constantly called Plaintiff a racist. He has also approached people in the community and told them lies about Plaintiff, such as claiming that Plaintiff was being investigated by the state for bribery, was being fired, and stank (smelled) so much Defendant King had to move offices. He approached a contractor to get him to lie about Plaintiff.

10. Plaintiff also uncovered that King does his job in a discriminatory manner. He will pass African-American contractors with substandard work, or without looking at their work; but, failed Caucasians without inspecting them, or who have done appropriate work.

11. King will also delay inspections of Caucasians.

12. Plaintiff complained to HR and the Mayor about these issues and they did nothing.

13. Plaintiff was allegedly disciplined because he had called up the State Inspector to check on the licenses of some people doing electrical work. But that is his job.

14. These actions were taken due to Plaintiff's race, which is what he complained toto the Mayor about.

15. There have been numerous complaints of race discrimination in which HR and the Mayor took no action, and permitted retaliation for the complaints. This has led to multiple lawsuits.

16. Plaintiff filed an EEOC charge in the Fall of 2022.

17. Plaintiff was offered a job making more money, and given that the quality of life had not materialized, no reasonable person would endure that working environment.

18. Since that time, King has retaliated against Plaintiff by lying about him, saying that he is not a licensed electrician, that he cannot be trusted, and has cost him jobs as an electrician that cost him money.

19. Plaintiff has filed EEOC charges within 180 days of these events and has brought suit within 90 days of receiving a Right to Sue Letter.

**COUNT I**

20. Plaintiff restates the foregoing as if fully stated herein.

21. By virtue of the facts alleged herein Defendant, City of West Memphis, has violated Title VII and ACRA 107(a)(1) and 108, by discriminating against Plaitniff based on his race and retaliating against him for his charge.

22. Due to Defendant's actions, Plaintiff has endured mental, emotional, and physical suffering, lost income, and suffered damage to his reputation, humiliation and embarrassment.

**COUNT II**

23. Plaintiff restates the foregoing as if fully stated herein.

24. By virtue of the facts alleged Mayor McClendon and King, have violated 42 U.S.C. 1983 and Section 105, by discriminating against him based on his race and retaliating against him for his exercise of speech, petition, and remonstration rights under the U.S. and Arkansas Constitution, and damaging his reputation within the community.

25. Due to Defendants' actions, Plaintiff has endured mental, emotional, and physical suffering, lost income, and suffered damage to his reputation, humiliation and embarrassment.

26. Defendants' actions have been in intentional, willful, and malicious violation of Plaintiff's rights, meriting punitive damages.

## COUNT III

27. Plaintiff restates the foregoing as if fully stated herein.

28. By virtue of the facts alleged Defendants, Mayor McClendon and Jimmy King, have defamed Plaintiff.

29. Due to Defendants' actions, Plaintiff has endured mental, emotional, and physical suffering, lost income, and suffered damage to his reputation, humiliation and embarrassment.

30. Defendants' actions have been in intentional, willful, and malicious violation of his rights, meriting punitive damages.

## JURY DEMAND

31. Plaintiff prays for a trial by jury.

**WHEREFORE**, Plaintiff prays for lost wages and income, compensatory damages for mental, emotional, and physical suffering, damage to his reputation, embarrassment, humiliation, punitive damages, in an amount exceeding that required for diversity jurisdiction, cleansing of his file, a public, written apology and press release, designation as rehirable, other declaratory and injunctive relief, reasonable fees and costs, and a jury trial on all matters so triable.

Respectfully Submitted,

By: */s/ Luther Oneal Sutter*

Luther Oneal Sutter, Esq., ARBN 95031
Lucien R. Gillham, Esq., ARBN 99199
**SUTTER & GILLHAM, P.L.L.C.**
Attorneys for Plaintiff
1501 N. Pierce, Ste. 105
Little Rock, AR 72207
501/315-1910 Office
501/315-1916 Facsimile
Luther.sutterlaw@gmail.com
Lucien.gillham@gmail.com